■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD GEORGE OWENS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered January 31, 1963 after a nonjury trial, convicting him of the felony of burglary in the third degree (Penal Law, § 404), and sentencing him to serve an indeterminate term in Elmira Reformatory. Judgment modified on the law and facts as follows: (1) by striking out the provisions convicting defendant of third-degree burglary as a felony and imposing sentence therefor; and (2) by substituting therefor a provision convicting defendant of the misdemeanor of unlawful entry (Penal Law, § 405). As so modified, the judgment is affirmed and the defendant is remanded to the Criminal Term, Supreme Court, Queens County, for resentencing upon such misdemeanor. In our opinion, the evidence was legally insufficient to establish defendant's guilt of the crime for which he was convicted. There was no proof from which it could be inferred that defendant "broke" into or out of the apartment by opening a closed or partially closed window in violation of the pertinent statutes (Penal Law, §§ 400, 404). However, in our opinion the proof adduced was sufficient to establish defendant's guilt of the crime of unlawful entry, a misdemeanor (Penal Law, § 405). The judgment of conviction should be modified accordingly (Correction Law, § 203; Code Crim. Pro., § 543, subd. 2; *People* v. *Allen*, 266 App. Div. 670) and the defendant should be remanded to the trial court for resentencing as a misdemeanant. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.